UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:05-cr-00098-HDM |
| | ) | 3:10-cv-00531-HDM |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHNATHON ROBERTS, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

Before the court is a supplement to the defendant's 28 U.S.C. § 2255 petition dated April 11, 2012 (#447), which was received by the court and filed on the docket on April 23, 2012. While the court has granted the defendant leave to request leave to file a supplement, it has not granted defendant leave to file another supplement. Instead, the court has stated that it would review any supplement filed by the defendant and then decide whether leave to file such should be granted. Accordingly, the court construes the April 11, 2012, supplement as a request to file a supplement, and for the reasons that follow, denies the request (#447).

1

The April 11, 2012, supplement deals entirely with defendant's claim that his attorneys Marc Picker and Loren Graham rendered ineffective assistance of counsel with respect to defendant's speedy trial rights. For the first time, defendant argues that an intervening change in the law supports his right to raise the speedy trial claim in his § 2255 petition.

A defendant is not precluded from asserting in a § 2255 motion a claim decided against him on direct appeal where there has been an "intervening change in the law," *Davis v. United States*, 417 U.S. 333, 343 (1974). The "intervening change in the law" defendant cites, however, consists of a 2006 Supreme Court case and three Tenth Circuit cases from 2007, 2009, and 2010. The 2006 Supreme Court decision is not an "intervening change in the law" as it existed at the time the Ninth Circuit Court of Appeals decided defendant's direct appeal on March 20, 2009. Nor do the Tenth Circuit opinions constitute an "intervening change in the law" as they are not binding on either this court or the Ninth Circuit Court of Appeals. Accordingly, as these cases have no effect on the consideration of defendant's § 2255 petition, and in particular his speedy trial claims, there is no basis for allowing supplementation in this regard.[1]

The remainder of defendant's supplement is devoted to repeating the same arguments he has already asserted in his several briefs filed with this court or raising for the first time additional factual and legal arguments that could have been

---

[1] The court does not, by way of this order, render any decision on defendant's speedy trial claim. The court decides only that nothing in defendant's supplement is relevant or necessary to determining that claim and that there is therefore no basis for allowing further supplementation.

included in one of those earlier briefs.  Accordingly, the defendant's request to supplement (#447) is hereby **DENIED**.

IT IS SO ORDERED.

DATED: This 30th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE