1

2

3

4

5

6

7

8

9

10

11

12

13 **UNITED STATES DISTRICT COURT**

14 **DISTRICT OF NEVADA**

15

16 UNITED STATES OF AMERICA,      )      3:05-cr-00098-HDM
                                 )      3:10-cv-00531-HDM
17          Plaintiff/Respondent, )
                                 )
18 vs.                           )      ORDER
                                 )
19 JOHNATHON ROBERTS,            )
                                 )
20          Defendant/Petitioner. )
   _____ )
21

22          The defendant has filed a motion to vacate, set aside, or

23 correct sentence pursuant to 28 U.S.C. § 2255.  While the motion

24 asserts several bases for relief, the court determined that an

25 evidentiary hearing was required for just one: defendant's claim

26 that counsel Marc Picker rendered ineffective assistance of counsel

27 by failing to file a motion to suppress evidence found in a search

28 of defendant's garbage can.

The court appointed Fred Atcheson for the limited purpose of representing defendant at the evidentiary hearing, which took place on April 3, 2012. At the conclusion of the hearing, the court ordered the government to file, within ten days, a supplemental affidavit stating whether two photographs admitted into evidence during the hearing were provided to defense counsel before trial. At defendant's request, the court also granted defendant leave to petition the court, within ten days, to file a supplement to his § 2255 motion.

Since the hearing, the government has filed the supplemental affidavit ordered by the court (#442). Defendant, on the other hand, has filed several motions and letters mostly unrelated to the evidentiary hearing and primarily dealing with a request to supplement his § 2255 motion with respect to his ineffective assistance of counsel speedy trial claims (hereinafter "speedy trial claim").

On April 12, 2012, Atcheson filed on defendant's behalf a motion requesting that the government supplement the record (#444).[1] The government has responded to the motion (#446), and the defendant has replied (#453). The motion seeks information relevant to the evidentiary hearing as well as information relevant to defendant's speedy trial claim.

On April 23, 2012, defendant filed a request to supplement his § 2255 motion with respect to his speedy trial claim (#447), which the court denied in an order dated April 30, 2012.

On April 30, 2012, defendant filed an "[e]mergency request to

---

[1] The document was also filed as #16 in the associated civil case.

delay all future proceedings for 40 days with respect to petitioner's Section 2255 Motion" (#452). The request was based on defendant's concern that his supplement (#447) had not reached the court and his desire to have time to refile it if necessary.

On May 2, 2012, Atcheson filed on defendant's behalf a "Motion to Stay Case Forty Days & Declaration of Cause" (#454).[2] The motion requests a stay of 40 days so that defendant can "receive and respond to Government motions." The request further states that "the proof requested in the" motion to supplement the record "has not been received."

On June 18, 2012, the defendant filed a motion for reconsideration of the court's order denying his request to supplement his § 2255 motion (#462), along with a motion for "Judicial Notice of the Adjudicative Facts" in his motion to supplement (#463).

For the reasons that follow, the court denies both of defendant's requests to stay proceedings, his motion to supplement the record, his motion to reconsider, and his motion for judicial notice.

First, defendant's supplement, construed as a request to supplement (#447), has been filed with the court and placed on the docket. Accordingly, to the extent defendant seeks additional time to ensure his supplement is filed, the motion is denied as moot.

Second, the defendant states that he must be given a "reasonable opportunity" to respond to government "motions." However, the government has filed no motions to which defendant is

---

[2] This document was also filed as #21 in the associated civil case.

3

entitled to respond. If defendant is seeking additional time in which to file his reply to the government's response to his motion to supplement the record, the motion is likewise moot, as defendant's reply has been received by the court and filed on the docket (*see* #453).

Finally, defendant appears to seek additional time to supplement his § 2255 motion. However, the court has not granted leave to the defendant for further supplementation of the § 2255 motion with respect to defendant's speedy trial claim. In addition, at the conclusion of the evidentiary hearing, the court asked if either party had anything else to present to the court; at no time did either party request any additional briefing or oral argument relevant to matters presented at the evidentiary hearing, and the court has concluded that additional briefing and argument is not necessary to decide the issue. Moreover, the court has considered the defendant's motion to reconsider (#462), and finds nothing warranting reconsideration of its order denying defendant's motion to amend. For that reason, the defendant's motion for reconsideration (#462) and motion for judicial notice (#463) will be denied. Finally, for the reasons that follow, the court denies the defendant's motion to supplement the record (#444), so defendant will not be receiving further "proof" that would justify another supplement.

Defendant's motion to supplement the record (#444) requests transcripts of the three status conferences leading up to the April 3, 2012, evidentiary hearing, as well as a transcript of the evidentiary hearing itself. It also requests verification that an exhibit attached to the government's supplement to its response to

4

defendant's § 2255 motion and referenced at the evidentiary hearing – an FBI 302 generated in connection with the search of defendant's garbage can – was disclosed to defense counsel before trial in this matter. Finally, it requests all discovery receipts from May 2005 to August 2005, which defendant asserts are relevant to his speedy trial claim.

Transcripts of the status conferences and evidentiary hearing are not necessary for the court's determination of the defendant's § 2255 motion. The request for transcripts will therefore be addressed in a separate order.

As to the defendant's request with respect to the FBI 302, the government in response to the motion to supplement has produced what information it has. Clearly, defendant is in receipt of that response as he filed a reply to it (#453). The request to supplement is therefore moot. Further, the court notes that whether or not defense counsel was in possession of the FBI 302 before trial is irrelevant to the court's determination of defendant's § 2255 motion, so there is no basis to stay proceedings for supplementation on that point.

Finally, defendant requests discovery receipts in connection with his speedy trial claim. The court has already determined that defendant may not further supplement his § 2255 motion in this regard, either legally or factually. With the discovery receipts defendant seeks to bolster the facts underlying the speedy trial claim. However, there is no reason defendant could not have requested this information much earlier. As the defendant's § 2255 motion has been pending for nearly two years, the court finds defendant's request for discovery receipts untimely and therefore

denies such request.

In accordance with the foregoing, defendant's motion to supplement the record (#444) is **DENIED in** all respects save and except for the defendant's request for transcripts, which the court will address in a separate order. Defendant's motions for a stay of proceedings (#452, #454) and letters expressing concern about the status of his supplement (#451, #456) are **DENIED AS MOOT.** Defendant's motion for reconsideration (#462) and motion for judicial notice (#463) are **DENIED.**

IT IS SO ORDERED.

DATED: This 9th day of July, 2012.

_Howard D. McKibben_
_____
UNITED STATES DISTRICT JUDGE